IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


EZEKIEL P. RHOTEN,

          Plaintiff,

                                 CIVIL ACTION
   vs.                            No. 06-3065-SAC

ROGER WERHOLTZ, et al.,


          Defendants.


ORDER

This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff submitted the initial partial filing fee as directed, and the court grants leave to proceed in forma pauperis.[1]

---

[1]     Plaintiff is advised that he remains obligated to pay the balance of the statutory filing fee of $250.00 in this action. The Finance Office of the facility where he is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**Background**

Plaintiff alleges the defendant state officials violated his federal constitutional rights secured by the Eighth Amendment and state law.  He specifically alleges that on December 6, 2005, defendant Brunson, a correctional officer, subjected him to excessive force during a pat-frisk search, which plaintiff characterizes as a sexual battery.  Plaintiff alleges defendant Brunson refused to allow him access to medical care after the search, and he alleges defendants Needum and Trainer allowed defendant Brunson to inflict harm.

Plaintiff alleges the same facts violate the Penal Reform Act and K.S.A. 21-3425, which prohibits mistreatment of a confined person.  He seeks the initiation of criminal charges against the defendants, damages, and other relief.

Plaintiff claims he was subjected to cruel and unusual punishment by defendant Brunson, and he describes the defendant's specific conduct as follows: "CSI Brunen[2] slammed me against the wall and squeezed my nipples real hard and squeezed my buttocks, and pulled on me testicles real hard causing me a great deal of discomfort and pain."  (Doc. 1, p. 7.)

---

[2] The plaintiff's spelling of defendant Brunson's name varies throughout the record.  The court uses the spelling Brunson, as that name appears in the grievance responses prepared by corrections personnel.

Plaintiff states the search was commenced when "CS I Brunson stopped me right in front of the officer's station. He said that he heard I was moving food from the kitchen where I worked to my unit and asked me for my coat." (Doc. 1, Ex. A-1, affidavit of Ezekiel Rhoten.)

A grievance response prepared by the Unit Team provides additional context for the events:

> CSI Brunson states when he started to conduct the search at the arm pit level you jumped around facing him telling him not to touch you in that manner. You were given an order not to move like that again or you would be subdued. The search was completed with no contraband found. CSI Brunson states at no time did he squeeze your buttocks or tug/pull on your testicles.... (Doc. 1, Grievance response, AA20060585.)

The search was conducted at approximately 7 a.m. The record shows that plaintiff sought medical attention at 9:00 a.m. (Doc. 1, Attachment, grievance AA20060576). Plaintiff alleges that he was denied a pass to the medical office; other material suggests he was referred to sick call because the matter was not deemed an emergency. Id.

Despite this, it is evident that plaintiff received medical attention on the same day, as the record contains a medical report prepared at 10:51 on the same day, which states: "no evidence of apparent injury of the external genitalia and pubic

3

area, normal groins and scrotum exam, but inmate states he is hurting of right groin and scrotum with exam and wants medication for pain." (Doc. 5, Attach.)

### Discussion

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir.1992). A complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520 (1972)(per curiam). However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf". Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir.1997). Accordingly, such a complaint may be dismissed upon initial review if the claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. 1915(e).

The analysis of a claim of an Eighth Amendment violation based upon an alleged use of excessive force is "whether force

was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992).

In the Tenth Circuit, a plaintiff must establish both that "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation" and that the defendant "officials acted with a sufficiently culpable state of mind." Smith v. Cochran, 339 F.3d 1205, 1212 (10th Cir. 2003)(internal quotation omitted).

In this case, the court concludes the plaintiff has not established the first criterion of objective harm, as the medical record reflects no injury was found. See Glosson v. Morales, __ F.Supp. 2d. ____, ___ 2007 WL 79334, *6 (S.D. Cal.)(injuries sustained by state inmate, consisting of minor abrasions to one knee, small scratch on chin, and two minor bumps, one on side of head and one above eyebrow, were insufficiently serious to support claim of excessive force by correctional officers); Morrison v. Cortright, 397 F.Supp.2d 422 (W.D.N.Y. 2005)(finding no action sufficiently serious to rise to Eighth Amendment violation where officer performing strip-frisk of prisoner allegedly used flashlight to examine prisoner's anus and ran middle finger between his buttocks, causing prisoner to urinate on himself and also allegedly rubbed his genital area against

prisoner's buttocks); and <u>Murray v. Michael</u>, 2005 WL 2204985 (N.D.N.Y. 2005)(single incident of alleged sexual abuse by corrections officials in which prisoner alleged defendants "violently squeezed" genitals and placed a baton in his "anus area" insufficient to state Eighth Amendment claim).

Having considered the record, the court finds no claim for relief is stated.

Plaintiff also alleges claims arising under state law. The court, in its discretion, may exercise supplemental jurisdiction over state law claims where they are sufficiently related to a pending claim over which the Court has original jurisdiction. <u>See</u> 28 U.S.C. § 1367(a). The court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367( c ).

Because the court has found no federal claim for relief is stated, it finds no compelling reason to exercise supplemental jurisdiction in this matter. <u>See</u> <u>Thatcher Enters. v. Cache County Corp.</u>, 902 F.2d 1472, 1478 (10th Cir. 1990)(principles of comity and federalism require that the state courts determine state law claims, absent compelling reason to the contrary).

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall continue pursuant to 28 U.S.C.

§1915(b)(2) until he satisfies the full filing fee.

IT IS FURTHER ORDERED plaintiff's motion to enter new evidence (Doc. 5) is granted.

IT IS FURTHER ORDERED plaintiff's claims of excessive force and deliberate indifference to medical care are dismissed for failure to state a claim upon which relief may be granted. Plaintiff's claims arising under state law are dismissed without prejudice.

IT IS FURTHER ORDERED plaintiff's motion for discovery (Doc. 3), motion to appoint counsel (Doc. 6), motion for summary judgment (Doc. 7), and motion for ruling (Doc. 8) are denied as moot.

Copies of this order shall be transmitted to the plaintiff and to the Finance Office of the facility where he is incarcerated.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 12th day of February, 2007.

>       S/ Sam A. Crow
>       SAM A. CROW
>       United States Senior District Judge